**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 25 2011

MATTHEW J. DYKMAN
CLERK

| Prob 22 (2/98) | | DOCKET NUMBER (Tran Court) 3:08CR00162-001 |
|---|---|---|
| TRANSFER OF JURISDICTION | | DOCKET NUMBER (Rec Court) 11-CR-2324 JH |
| NAME AND ADDRESS OF PROBATION/SUPERVISED RELEASEE: Jacob Kline 611 Gral Trevino Drive Rio Rancho, New Mexico 87124 | DISTRICT Western District North Carolina | |
| | NAME OF SENTENCING JUDGE Honorable Frank D. Whitney | |
| | DATES OF PROB/TSR RELEASE | FROM 03/19/2009 | TO 03/18/2014 |
| OFFENSE Interfere with Flight Crew Members and Attendants, in violation of 49 U.S.C. 46504 | | |

FILED
CHARLOTTE, NC
AUG 19 2011
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the DISTRICT OF NEW MEXICO upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

7-6-11
Date

_____
United States District Judge

* This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

7/21/11
Date

_____
United States District Judge

Certified to be a true and correct copy of the original.
U.S. District Court
Frank G. Johns, Clerk
Western District of N.C.
By: _____ Deputy Clerk
Date 8/22/11

**FILED**
**CHARLOTTE, NC**

JUL 2 8 2008

**U.S. DISTRICT COURT**
**WESTERN DISTRICT OF NC**

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:08CR 162  FDW |
| | ) | |
| | ) | BILL OF INFORMATION |
| v. | ) | |
| | ) | Violation: |
| | ) |     49 U.S.C. § 46504 |
| JACOB A. KLINE | ) | |
| | ) | |

THE UNITED STATES ATTORNEY CHARGES:

At the specified times and at all relevant times:

### COUNT ONE

1.  On or about June 24, 2008, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

JACOB A. KLINE

did, as an individual on an aircraft in the special aircraft jurisdiction of the United States, assault a a flight attendant of the aircraft, interfere with the performance of the duties of a flight crew member and flight attendant of the aircraft, and lessen the ability of a flight crew member and flight attendant of the aircraft to perform their duties, in violation of Title 49, United States Code, Section 46504.

GRETCHEN C.F. SHAPPERT
UNITED STATES ATTORNEY

MATTHEW T. MARTENS
ASSISTANT UNITED STATES ATTORNEY

Certified to be a true and
correct copy of the original.
U.S. District Court
Frank G. Johns, Clerk
Western District of N.C.
By: _____
    Deputy Clerk
Date 8/22/11

1

# United States District Court
## For The Western District of North Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| V. | (For Offenses Committed On or After November 1, 1987) |
| JACOB A. KLINE | Case Number: DNCW308CR000162-001 |
| | USM Number: 23065-058 |
| | Matthew Pruden |
| | Defendant's Attorney |

THE DEFENDANT:

X    pleaded guilty to count(s) 1.
__   Pleaded nolo contendere to count(s) which was accepted by the court.
__   Was found guilty on count(s) after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Counts |
|---|---|---|---|
| 49:46504 | Interference with Flight Crew Members and Attendants | June 24, 2008 | 1 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, United States v. Booker, 125 S.Ct. 738 (2005), and 18 U.S.C. § 3553(a).

__   The defendant has been found not guilty on count(s) .
__   Count(s) (is)(are) dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay monetary penalties, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Certified to be a true and correct copy of the original.
U.S. District Court
Frank G. Johns, Clerk
Western District of N.C.
By: _____ Deputy Clerk
Date: 8/22/11

Date of Imposition of Sentence: March 19, 2009

_/s/ Frank D. Whitney_
Frank D. Whitney
United States District Judge

Date: _____ March 30, 2009

Defendant: JACOB A. KLINE  Judgment-Page 2 of 4
Case Number: DNCW308CR000162-001

## PROBATION

The defendant shall be on probation for a term of <u>FIVE (5) YEARS with FOUR (4) NIGHTS in custody at the Albuquerque County Jail to commence at the close of defendant's business each Saturday and conclude at 12 noon on Sunday for four consecutive weeks.</u>

— The condition for mandatory drug testing is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

### STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court and any additional conditions ordered.

1. The defendant shall not commit another federal, state, or local crime.
2. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.
3. The defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release on a schedule to be established by the court.
4. The defendant shall provide access to any personal or business financial information as requested by the probation officer.
5. The defendant shall not acquire any new lines of credit unless authorized to do so in advance by the probation officer.
6. The defendant shall not leave the Western District of North Carolina without the permission of the Court or probation officer.
7. The defendant shall report in person to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
8. A defendant on supervised release shall report in person to the probation officer in the district to which he or she is released within 72 hours of release from custody of the Bureau of Prisons.
9. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
10. The defendant shall support his or her dependents and meet other family responsibilities.
11. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other activities authorized by the probation officer.
12. The defendant shall notify the probation officer within 72 hours of any change in residence or employment.
13. The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as duly prescribed by a licensed physician.
14. The defendant shall participate in a program of testing and treatment or both for substance abuse if directed to do so by the probation officer, until such time as the defendant is released from the program by the probation officer; provided, however, that defendant shall submit to a drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter for use of any controlled substance, subject to the provisions of 18:3563(a)(5) or 18:3583(d), respectively.
15. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
16. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
17. The defendant shall submit his person, residence, office or vehicle to a search, from time to time, conducted by any U.S. Probation Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant; and failure to submit to such a search may be grounds for revocation of probation or supervised release. The defendant shall warn other residents or occupants that such premises or vehicle may be subject to searches pursuant to this condition.
18. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed by the probation officer.
19. The defendant shall notify the probation officer within 72 hours of defendant's being arrested or questioned by a law enforcement officer.
20. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
21. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
22. If the instant offense was committed on or after 4/24/96, the defendant shall notify the probation officer of any material changes in defendant's economic circumstances which may affect the defendant's ability to pay any monetary penalty.
23. If home confinement (home detention, home incarceration or curfew) is included you may be required to pay all or part of the cost of the electronic monitoring or other location verification system program based upon your ability to pay as determined by the probation officer.
24. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

### ADDITIONAL CONDITIONS:

25. Defendant is prohibited from consuming alcohol other than for medical purposes.

26. Defendant shall not travel on a commercial airplane, domestic or international, for a period of three (3) years.

27. Defendant shall submit, at his own expense, to a Substance Abuse Program approved by the US Probation Office.

28. Defendant shall perform one hundred (100) hours of community service as directed by the US Probation Office.

Defendant: JACOB A. KLINE  
Case Number: DNCW308CR000162-001

Judgment-Page 3 of 4

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments.

| ASSESSMENT | FINE | RESTITUTION |
|---|---|---|
| $100.00 | $0.00 | $0.00 |

### FINE

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

X   The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

X   The interest requirement is waived.

___   The interest requirement is modified as follows:

### COURT APPOINTED COUNSEL FEES

___   The defendant shall pay court appointed counsel fees.

___   The defendant shall pay $_____ Towards court appointed fees.

Defendant: JACOB A. KLINE  
Case Number: DNCW308CR000162-001

Judgment-Page 4 of 4

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

- A __  Lump sum payment of $ _____ Due immediately, balance due
  - __  Not later than _____ , or
  - __  In accordance __ (C), __ (D) below; or

- B  X  Payment to begin immediately (may be combined with __ (C), __ (D) below); or

- C __  Payment in equal _____ (E.g. weekly, monthly, quarterly) installments of $ _____ To commence ___ ____ (E.g. 30 or 60 days) after the date of this judgment; or

- D __  Payment in equal _____ (E.g. weekly, monthly, quarterly) installments of $ _____ To commence ___ ____ (E.g. 30 or 60 days) after release from imprisonment to a term of supervision.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. Probation Officer shall pursue collection of the amount due, and may request the court to establish or modify a payment schedule if appropriate 18 U.S.C. § 3572.

Special instructions regarding the payment of criminal monetary penalties:

- __  The defendant shall pay the cost of prosecution.
- __  The defendant shall pay the following court costs:
- __  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court Clerk, 401 West Trade Street, Room 210, Charlotte, NC 28202, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. All criminal monetary penalty payments are to be made as directed by the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# U.S. District Court
## Western District of North Carolina (Charlotte)
### CRIMINAL DOCKET FOR CASE #: 3:08-cr-00162-FDW All Defendants

Case title: USA v. Kline
Magistrate judge case number: 3:08-mj-00144-DCK

Date Filed: 07/28/2008
Date Terminated: 03/19/2009

Assigned to: District Judge Frank D. Whitney

**Defendant (1)**

**Jacob Anthony Kline**
*TERMINATED: 03/19/2009*

represented by **C. Melissa Owen**
Tin, Fulton, Walker & Owen
301 East Park Avenue
Charlotte, NC 28203
704-338-1220
Fax: 704-338-1312
Email: cmowen@tinfulton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Noell P. Tin**
Tin Fulton Walker & Owen, PLLC
301 East Park Avenue
Charlotte, NC 28203
704-338-1220
Fax: 704-338-1312
Email: ntin@tinfulton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Matthew G. Pruden**
301 E. Park Avenue
Charlotte, NC 28203
704-338-1220
Fax: 704-338-1312
Email: mpruden@tinfulton.com
*ATTORNEY TO BE NOTICED*

Certified to be a true and correct copy of the original.
U.S. District Court
Frank G. Johns, Clerk
Western District of N.C.
By: [signature]
Deputy Clerk
Date 8/22/11

**Pending Counts**

INTERFERENCE WITH FLIGHT CREW MEMBERS AND ATTENDANTS
(1)

**Disposition**

5 yrs Probation; $100 Assessment

## Highest Offense Level (Opening)
Felony

| Terminated Counts | Disposition |
|---|---|
| None | |

## Highest Offense Level (Terminated)
None

| Complaints | Disposition |
|---|---|
| 49:46504.F | |

---

**Plaintiff**

USA      represented by **Matthew Theodore Martens**
U.S. Securities and Exahcnage Commission
100 F Street, NC
Washington, DC 20549
202-551-4481
Email: lorraine.simpson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/25/2008 | 1 | COMPLAINT as to Jacob Anthony Kline (1). (mga) [3:08-mj-00144-DCK] (Entered: 06/25/2008) |
| 06/25/2008 | 2 | Arrest Warrant Issued *(Sealed Court)* by Magistrate Judge David Keesler in case as to Jacob Anthony Kline. (mga) [3:08-mj-00144-DCK] (Entered: 06/25/2008) |
| 06/26/2008 | | Arrest of Jacob Anthony Kline (mga) [3:08-mj-00144-DCK] (Entered: 06/26/2008) |
| 06/26/2008 | | Minute Entry: Initial Appearance as to Jacob Anthony Kline held on 6/26/2008. for proceedings held before Judge Magistrate Judge David Keesler:Government attorney: Matthew Martens. Defendant attorney: Steve Slawinski. (Court Reporter FTR) (mga) [3:08-mj-00144-DCK] (Entered: 06/26/2008) |
| 06/26/2008 | 3 | Appearance Bond Entered *(Restricted)* as to Jacob Anthony Kline in amount of $ 25,000 unsecured,. Signed by Magistrate Judge David Keesler on 6/26/08. (mga) [3:08-mj-00144-DCK] (Entered: 06/26/2008) |
| 06/26/2008 | 4 | ORDER *(Restricted)*Setting Conditions of Release as to Jacob Anthony |

| | | |
|---|---|---|
| | | Kline (1) 25,000 unsecured. Signed by Magistrate Judge David Keesler on 6/26/08. (mga) [3:08-mj-00144-DCK] (Entered: 06/26/2008) |
| 07/08/2008 | | Attorney update in case as to Jacob Anthony Kline. Attorney Noell P. Tin for Jacob Anthony Kline, C. Melissa Owen for Jacob Anthony Kline added per phone conversation with Matthew Pruden. (tob) [3:08-mj-00144-DCK] (Entered: 07/08/2008) |
| 07/08/2008 | | NOTICE OF HEARING as to Jacob Anthony Kline: Preliminary Examination set for 7/17/2008 09:50 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge Carl Horn III. *This is your only notice - you will not receive a separate document.*(tob) [3:08-mj-00144-DCK] (Entered: 07/08/2008) |
| 07/09/2008 | 5 | Arrest Warrant Returned Executed on 6/25/2008 in case as to Jacob Anthony Kline. (klg) [3:08-mj-00144-DCK] (Entered: 07/11/2008) |
| 07/10/2008 | 6 | WAIVER of Preliminary Examination or Hearing by Jacob Anthony Kline (tob) [3:08-mj-00144-DCK] (Entered: 07/11/2008) |
| 07/28/2008 | 7 | INFORMATION as to Jacob Anthony Kline (1) count(s) 1. (klg) (Entered: 07/28/2008) |
| 07/28/2008 | 8 | PLEA AGREEMENT (*Restricted*) as to Jacob Anthony Kline (klg) (Entered: 07/28/2008) |
| 08/12/2008 | | NOTICE OF HEARING as to Jacob Anthony Kline: Plea Hearing set for 8/21/2008 10:30 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. *This is your only notice - you will not receive a separate document.*(mga) (Entered: 08/12/2008) |
| 08/20/2008 | | NOTICE OF HEARING as to Jacob Anthony Kline: Plea Hearing reset for 8/27/2008 09:50 AM in Magistrate Courtroom, 401 W Trade, Charlotte, NC 28202 before Magistrate Judge David Keesler. *This is your only notice - you will not receive a separate document.*(mga) (Entered: 08/20/2008) |
| 08/26/2008 | 9 | NOTICE OF ATTORNEY APPEARANCE: Matthew G. Pruden appearing for Jacob Anthony Kline (Pruden, Matthew) (Entered: 08/26/2008) |
| 08/27/2008 | 10 | WAIVER OF INDICTMENT by Jacob Anthony Kline (mga) (Entered: 08/28/2008) |
| 08/27/2008 | | Minute Entry: PLEA HEARING as to Jacob Anthony Kline held before Magistrate Judge David Keesler. Defendant sworn and advised of rights and charges. Court reviews plea agreement. Plea Entered by Jacob Anthony Kline (1) Guilty Count 1. Plea accepted. Government attorney: Matthew Martens. Defendant attorney: Matthew Pruden. Court Reporter FTR. (mga) (Entered: 08/28/2008) |
| 08/27/2008 | 11 | ACCEPTANCE and entry of Guilty Plea as to Jacob Anthony Kline signed by District Judge Frank D. Whitney. (mga) (Entered: 08/28/2008) |
| 10/02/2008 | 12 | PRESENTENCE INVESTIGATION REPORT (Draft Report) *(SEALED - government and defense counsel)* as to Jacob Anthony Kline. Objections to |

| | | |
|---|---|---|
| | | PSI due 10/20/2008. (available to Jacob Anthony Kline, USA) (Bosserman, Darienne) (Entered: 10/02/2008) |
| 10/15/2008 | 13 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT *(Sealed - Attorney)* by Jacob Kline; (available to: Jacob Anthony Kline, USA) (Pruden, Matthew) (Entered: 10/15/2008) |
| 10/20/2008 | 14 | PRESENTENCE INVESTIGATION REPORT (Final Report) *(SEALED - government and defense counsel)* as to Jacob Anthony Kline. (available to Jacob Anthony Kline, USA) Schedule for Sentence on or after 11/10/2008 (Bosserman, Darienne) (Entered: 10/20/2008) |
| 10/20/2008 | 15 | PRESENTENCE INVESTIGATION REPORT (Recommendation) *(SEALED - Court)* as to Jacob Anthony Kline (Bosserman, Darienne) (Entered: 10/20/2008) |
| 03/09/2009 | | NOTICE OF HEARING as to Jacob Anthony Kline: Sentencing set for 3/19/2009 09:45 AM in Courtroom 1, 401 W Trade St, Charlotte, NC 28202 before District Judge Frank D. Whitney. **All parties are directed to appear 15 minutes prior to the scheduled hearing.** *This is your only notice - you will not receive a separate document.*(clc) (Entered: 03/09/2009) |
| 03/12/2009 | 16 | SEALED SENTENCING MEMORANDUM *(Sealed - Attorney)* by Jacob Kline; (available to: Jacob Anthony Kline, USA) (Attachments: # 1 Exhibit A-I, # 2 Exhibit Letters in Support)(Pruden, Matthew) (Entered: 03/12/2009) |
| 03/19/2009 | | Minute Entry: SENTENCING as to Jacob Anthony Kline held before District Judge Frank D. Whitney. Factual Basis Found. Government attorney: Matthew Martens. Defendant attorney: Matthew Pruden. Court Reporter Joy Kelly. (clc) (Entered: 03/24/2009) |
| 03/30/2009 | 17 | **JUDGMENT as to Jacob Anthony Kline (1), Count(s) 1, 5 yrs Probation; $100 Assessment. Signed by District Judge Frank D. Whitney on 3/30/09.** (clc) (Entered: 03/30/2009) |
| 03/30/2009 | 18 | **STATEMENT OF REASONS** *(Sealed - Attorney)* **re: 17 Judgment (available to: Jacob Anthony Kline, USA). Signed by District Judge Frank D. Whitney on 3/30/09.** (clc) (Entered: 03/30/2009) |
| 08/19/2011 | 19 | Probation Jurisdiction Transferred to District of New Mexico as to Jacob Anthony Kline. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (gpb) (Entered: 08/22/2011) |

08/19/2011 02:52 PM EDT

U.S. Courts
Case Inquiry Report

Version 7.0.1   Page 1 of 1

**Case Number** DNCW308CR000162   **Case Title** USA V KLINE

**Summary Party Information:**

| Party# | Party Name | Debt Type | Total Owed | Total Collected | Total Outstanding |
|---|---|---|---|---|---|
| 001 | JACOB A KLINE | SPECIAL PENALTY ASSESSMENT | 100.00 | 100.00 | 0.00 |
|  |  |  | 100.00 | 100.00 | 0.00 |

**Registry Information:**

**Depository Code**   **Depository Name**   **Account Type**   **Account Code**   **Depository Total**

**Transaction Information:**

| Document Type/Number* | Document Date | Debt Type Line# | Accomplished Date | Debt Type | Line Type | Payee Line# | Amount | Party/Payee Name | Doc Actn | Trans Type | Fund |
|---|---|---|---|---|---|---|---|---|---|---|---|
| CT CHD004886 DNCW308CR000162-001 | 06/12/2009 1 | | 06/15/2009 SPECIAL PENALTY ASSESSMENT | | PR | | 100.00 | JACOB A KLINE | O | 04 | 504100 |
| | | | | | | | | Depository Line# | | | |

**\* Document Type Legend**

| Document Type | Document Type Name |
|---|---|
| CT | Cash Receipt - CCA Automated |

# UNITED STATES DISTRICT COURT
## OFFICE OF THE CLERK
## WESTERN DISTRICT OF NORTH CAROLINA

Frank G. Johns
*Clerk*

Terry Leitner
*Chief Deputy*

Telephone - (704) 350-7400
FAX -        (704) 344-6703

August 22, 2011

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 25 2011

MATTHEW J. DYKMAN
CLERK

Clerk of Court
District of New Mexico
333 Lomas N.W. Ste 270
Albuquerque, NM 87102

Re: Transfer of Case
Case No: WDNC 3:08-cr-162-001
Case Title: USA v. Jacob Kline

Dear Clerk:

Pursuant to Transfer of Jurisdiction of Probationer filed 8/19/2011, the above referenced case has been transferred to your court. Enclosed herewith are certified copies of the transferring document, and docket sheet. Also enclosed are the Information, Judgment, and defendant's payment history.

Please sign and date the receipt portion of this letter and return a copy for our records. Thanks very much for your assistance with this matter. Please contact me at the number below if you have questions or concerns regarding this transfer.

Very Truly Yours,

Wendy Brinley

Deputy Clerk
704-350-7404

enc.

**RECEIVED BY:** _____     **DATE:** _____